RICHARD LEO SOMES AND ANNE LOUISE SOMES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Somes v. Commissioner
Docket No. 11672-84.
United States Tax Court
T.C. Memo 1987-387; 1987 Tax Ct. Memo LEXIS 384; 54 T.C.M. (CCH) 72; T.C.M. (RIA) 87387; August 10, 1987. Richard Leo Somes, pro se. Gilbert T. Gembacz, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by means of a January 31, 1984 statutory notice of deficiency, determined a $ 411 deficiency in petitioners' 1981 income tax and a $ 20.55 addition to tax under section 6653(a)(1), [1] along with 50 percent of the interest on the $ 411 income tax deficiency under section 6653(a)(2). The sole adjustment and issue in this case concerns the disallowance of a $ 1,844 charitable deduction. *385 For convenience, we have combined our factual findings and opinion. Petitioners [2] are husband and wife and filed a joint Federal income tax return for the taxable year 1981. Petitioners resided, during the 1981 taxable year and at the time of filing their petition, at Greneda Hills, California. Petitioners, by means of an amended return for 1981, claimed $ 2,343 as a contribution deduction. Respondent allowed $ 499 (involving various organizations) and disallowed $ 1,844 (which was attributable to one organization). At trial, petitioners substantiated $ 1,644 of the $ 1,844 in disallowed payments by producing canceled checks. The charitable organization named as payee on the checks had received a favorable section 501(c)(3) ruling, which had not been revoked as of the time petitioners made their contribution. The check payments reflected the charitable organization as payee, but petitioners had mailed the checks to an agent of the charitable organization. Petitioners bear the burden of proving that they are entitled to the charitable deductions claimed on their *386 amended 1981 joint income tax return. Welch v. Helvering, 290 U.S. III (1983); Rule 142. We feel that petitioners have carried their burden in this case. They have presented credible evidence of $ 1,644 in payments to an organization with a valid section 501(c)(3) ruling during the year in question. Respondent has not come forward to present contrary or rebuttal evidence to show why petitioner's reliance was inappropriate or that there was any private inurement on the part of petitioners. [3]
*387 Respondent, in a Trial Memorandum, argued that petitioners were not entitled to a contribution deduction because their checks were sent to a suborganization which did not share in the section 501(c)(3) status of the main organization. Respondent cited , affg. a Memorandum Opinion of this Court, and , in support of his argument. These cases and argument are not persuasive here where the checks were made out to the organization with the section 501(c)(3) status and where petitioner's uncontroverted and credible testimony indicates the checks were mailed to an agent of the section 501(c)(3) organization. Moreover, there is no allegation of private inurement or the operation of a so-called "mail order church" as there was in the cases inappropriately cited by respondent. In view of the foregoing, we find that petitioners are entitled to deduct total charitable contributions of $ 2,143 for the taxable year 1981 ($ 499 allowed by respondent and $ 1,644 proven at trial). Because we have found that petitioners are entitled to all but $ 200 of the claimed deductions, *388 we further find that petitioners are not liable for additions to tax under section 6653(a)(1) or (2). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in question. All rule references are to this Court's Rules of Practice and Procedure. ↩
2. For convenience, when we refer to petitioner in the singular it will be a reference to petitioner-husband. ↩
3. During the course of the trial, respondent's counsel was requested to address, on brief, the question of whether the petitioners' reliance on the ruling was appropriate and if the ruling had been subsequently revoked by respondent. Respondent did not present any evidence to show revocation, although encouraged to do so. Moreover, respondent was requested to file a seriatim brief to which petitioners, who were pro se, would respond. Respondent, by a notice, advised of the intention not to file a brief because petitioners' claimed contributions were not made directly to the alleged charitable organization. We treat respondent's failure to offer contrary evidence regarding the section 501(c)(3) status and legal argument concerning same as a concession of that issue in this case. ↩